MHW

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
8-3-2010
AUG 3 2010

MAGISTRATE JUDGE
MORTON DENLOW

Albert M. Mitchell, Jr. and
Evelyn Mitchell,

    Plaintiffs,

vs.

U.S. Bancorp, Bank of America Home
Loans, Barbara Grzynkowicz, ProVest LLC,

    Defendants.

Civil Action No. 09 cv 07660
Judge BUCKLO
Magistrate DELNOW

## RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT AS TO DEFENDANTS PROVEST, LLC, and BARBARA GRZYNKOWICZ

NOW COME Defendants, **ProVest, LLC, and BARBARA GRZYNKOWICZ**, by their attorneys, ROBERTSON & WALL, and move pursuant to Rules 12(b)(6), (c), (e), (f) of the Federal Rules of Civil Procedure that this Honorable Court strike and dismiss Plaintiff's Complaint, as follows:

1. This Motion is brought by **ProVest, LLC, and BARBARA GRZYNKOWICZ**, two of the defendants named in Plaintiff's Amended Complaint.

### FACTS

2. Plaintiffs herein are the primary Defendants in an action brought in the Circuit Court of Cook County, IL, by **U.S. Bank, NA**, to foreclose a mortgage, case No. 08 CH 11504.

3. The business of **ProVest, LLC**, is serving process in lawsuits, primarily foreclosure actions. **ProVest** began doing business in Illinois in 2004.

4. CODILIS & ASSOCIATES hired ProVest, LLC to serve the MITCHELLS with process in the foreclosure case. After many unsuccessful attempts to serve the MITCHELLS, PV prepared an Affidavit of Due Diligence, which was filed with the Clerk of Court. On the basis of that Affidavit

1

the CODILIS firm obtained service upon the MITCHELLs by publication.

5. Judgment of Foreclosure was entered on September 8, 2008. The sheriff's sale was conducted, but MITCHELL filed a Motion to Quash Service. The Motion initially was stricken. However, the Motion was refiled and granted on June 2, 2010, quashing service as to defendants Albert Mitchell, Jr. and Evelyn Mitchell. The June 2, 2010 order also vacated the Judgment of foreclosure and sale that previously was entered on September 8, 2008.

6. **BARBARA GRZYNKOWICZ** was in 2008 and remains an employee of ProVest, LLC. She is not an officer or shareholder of ProVest, but works in PV's skip trace department. She prepared and signed the Affidavit of Due Diligence, which was filed with the Clerk of Court in the foreclosure case.

### PLAINTIFF'S COMPLAINT IS IMPROPER IN FORM

### THE COMPLAINT SHOULD BE STRICKEN PURSUANT TO RULE 12(e)

7. Plaintiff fails to plead in proper form in several respects. In order to state a cause of action, the Complaint must set forth a plain and concise statement of the cause of action. The complaint must reasonably inform the defendant of the nature of the claim without stating legal conclusions or opinions, and plead sufficient facts, which, if proved, would entitle plaintiff to relief.

8. A pro se litigant is subject to the same rules as a party who is represented by counsel. The "Amended Complaint" simply is inadequate, factually and legally. At the very least the Amended Complaint ought to be stricken.

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST ProVest, LLC

9. When ruling on a Rule 12(b)(6) Motion to Dismiss, the Court must view the allegations in the light most favorable to Plaintiff and determine whether the factual

allegations are sufficient to state a cause of action upon which relief can be granted.

10. There are no specific facts upon which a meritorious cause of action may be based. While the Amended Complaint does allude to "misrepresentations", those alleged misrepresentations are not identified. PV is unable to determine the nature of the misrepresentations it is alleged to have made. PV is unable to defend itself on the basis of the Complaint.

## THIS COURT HAS NO JURISDICTION OVER THE ALLEGED CLAIM

### THE ROOKER-FELDMAN DOCTRINE REQUIRES DISMISSAL OF ProVest and GRZYNKOWICZ

11. This court lacks subject matter jurisdiction over Defendants **ProVest** and **GRZYNKOWICZ**. The relief sought pertains to **ProVest's** conduct in the underlying foreclosure case, No. 08 CH 11504. Any remedies available to Plaintiff should be addressed either by the chancery court under whose jurisdiction the alleged conduct was performed, or by appeal to the Illinois Appellate Court from an adverse decision.

12. The *Rooker-Feldman* doctrine provides that federal courts do not exercise "appellate review" over state court decisions, even where the state court decision might be in error. The Complaint contains only vague allegations mentioning **ProVest** and/or its employee, **GRZYNKOWICZ**. The factual allegations pertaining to these two defendants are limited to the attempted service of process on MITCHELL and filing of the affidavit of due diligence with the Clerk's office, all in 2008.

13. MITCHELL sought relief in the foreclosure case. The chancery court eventually granted the Motion to Quash. Plaintiff cannot now seek relief from this Honorable Court. The alleged wrongs complained of here have been remedied in the Circuit Court of Cook County. Any other remedy, if any, should be sought in the chancery court.

### THE MATTER IS MOOT AND OUGHT TO BE DISMISSED

14. The chancery court judge entered an Order on June 2, 2010, quashing service as to defendants Albert Mitchell, Jr. and Evelyn Mitchell. The June 2, 2010

order also vacated the judgment of foreclosure and sale that previously was entered on September 8, 2008.

**BARBARA GRZYNKOWICZ IS NOT A PROPER PARTY TO THE ACTION**

15. Plaintiffs' Amended Complaint names **BARBARA GRZYNKOWICZ** as a party defendant.

16. **BARBARA GRZYNKOWICZ** was in 2008 and remains at present an employee of ProVest, LLC, doing clerical work in PV's skip trace department. She is not an officer of PV, and she holds no ownership interest in PV. She is not a proper party to the action and should be dismissed with prejudice from the action.

WHEREFORE, Defendants, **ProVest, LLC**, and **BARBARA GRZYNKOWICZ**, by their attorneys, ROBERTSON & WALL, respectfully request that this Honorable Court grant the following relief:

a. Order Plaintiff's Amended Complaint stricken and dismissed as to **ProVest, LLC**, and **BARBARA GRZYNKOWICZ**, and each of them, with prejudice;

b. In the alternative, strike the Complaint but grant Plaintiffs time, should they wish to do so, to file a proper pleading;

c. For any other relief as this Court deems appropriate.

ROBERTSON & WALL

BY: _____
Attorneys for **ProVest**, LLC
and **BARBARA GRZYNKOWICZ**

DAVID H. ROBERTSON, JR. #3128953
ROBERTSON & WALL
670 North Clark St., Suite 300
Chicago, Illinois 60654
(312) 943-7866
FAX 469-1148

4